**<u>Exhibit A</u>**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TANISHA CLARK,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Civil Action No.** |
| | ) | **1:16-cv-02407-SCJ-LTW** |
| **v.** | ) | |
| | ) | |
| **LABORATORY CORPORATION** | ) | |
| **OF AMERICA,** | ) | |
| **RETRIEVAL-MASTERS** | ) | |
| **CREDITORS BUREAU, INC.,** | ) | |
| **and CENTRAL** | ) | |
| **CREDIT SERVICES LLC,** | ) | |
| | ) | |
| **Defendants.** | | |
| _____/ | | |

**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES</u>**

COMES NOW Plaintiff, TANISHA CLARK, by and through undersigned counsel, files suit against Laboratory Corporation of America, Retrieval-Masters Creditors Bureau, Inc., and Central Credit Services LLC, and states as follows:

5

## NATURE OF ACTION

1.      Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"); and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").  Fundamentally, this case concerns the Defendants' refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

## JURISDICTION AND VENUE

2.      Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the federal FDCPA, 15 U.S.C. § 1692 *et seq.* and the TCPA, 47 U.S.C. § 227 *et seq*. See Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740, 753 (2012).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Northern District of Georgia. Plaintiff suffered the injuries in Fulton County, Georgia.

## **PARTIES**

4.      Plaintiff, Tanisha Clark ("Ms. Clark" or "Plaintiff"), is a natural person who resides in Fulton County, Georgia.  Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "person" as that term is used in 47 U.S.C. § 227.

5.      Defendant, Laboratory Corporation of America, a Delaware corporation ("LCA"), does business in the state of Georgia, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4),  and is a "person" under 47 U.S.C. § 227 *et seq*.

6.      Defendant, Retrieval-Masters Creditors Bureau, Inc., a New York Corporation ("RMCB"), does business in the State of Georgia, is a "debt collector" as that term is defined by 15 U.S.C § 1692a(6), and is a "person" under 47 U.S.C. § 227 *et seq*.

7.      Defendant, Central Credit Services LLC, a Florida limited liability company ("CCS") (collectively with LCA and RMCB, "Defendants"), does business in the state of Georgia, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is a "person" under 47 U.S.C. § 227 *et seq*.

8.     Defendants, in the conduct of their business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

9.     The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.  The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

## <u>BACKGROUND</u>

10.     On January 9, 2013, Ms. Clark sought medical treatment at Piedmont Minor Emergency Medical Clinic where Ms. Clark's treating physician ordered laboratory testing. The laboratory testing was conducted by LCA.

11.     Soon after, LCA began calling Ms. Clark's cell phone demanding payment for services rendered (the "Alleged Debt"). The Alleged Debt resulted from a transaction for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5).

8

12.     During a telephone conversation with LCA, Ms. Clark spoke to a supervisor at LCA and told LCA to stop calling her cell phone regarding the Alleged Debt.

13.     Despite Ms. Clark's cease and desist request to LCA, Ms. Clark continued to receive collection calls from LCA to her cell phone regarding the Alleged Debt.

14.     On August 8, 2013, LCA assigned the Alleged Debt to RMCB for collections.

15.     Beginning approximately in September 2013, Ms. Clark began to receive multiple telephone calls from RMCB to her cell phone in an attempt to collect the Alleged Debt.

16.     During a telephone conversation with RMCB, Ms. Clark told RMCB to stop calling her cell phone regarding the Alleged Debt.

17.     Nevertheless, despite Ms. Clark's instruction to RMCB to stop calling her cell phone, RMCB continued to place collection calls to Ms. Clark's cell phone.

18.     On November 6, 2014, LCA recalled the Alleged Debt and assigned it to CCS for collections.

9

19.     CCS began calling Ms. Clark's cell phone in an attempt to collect the Alleged Debt.

20.     During a telephone conversation with a representative of CCS, Ms. Clark told CCS to stop calling her cell phone.

21.     Nevertheless, despite Ms. Clark's cease-calls request, CCS continued to make collection calls to Ms. Clark's cell phone in an attempt to collect the Alleged Debt until approximately September 20, 2015.

22.     On September 20, 2015, LCA recalled the Alleged Debt and re-assigned it to RMCB for collections. RMCB resumed its collection campaign against Ms. Clark until April 2016, when the Alleged Debt was once again recalled by LCA.

23.     LCA re-assigned the Alleged Debt to CCS who resumed its collection campaign against Ms. Clark in March 2016.

24.     Defendants placed the calls to Ms. Clark's cell phone using an automated telephone dialing system without Ms. Clark's express consent. This was evidenced when Ms. Clark would answer her cell phone and hear either, an automated voice or prerecorded message, a click, beep, or delay prior to Ms. Clark having been connected to an operator.

10

25.     As detailed below, Defendants' conduct constitutes a violation of the FDCPA and TCPA.

## COUNT I

## VIOLATIONS OF THE TCPA BY DEFENDANT LCA

26.     This is an action against LCA for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

27.     Plaintiff re-alleges and reincorporates paragraphs 1 through 25, as if fully set forth herein.

28.     LCA, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

29.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30.     LCA violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to

Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

31.    LCA willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told LCA that LCA did not have permission to call Plaintiff's cell phone.

32.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

33.    As a result of the above violation of the TCPA, LCA is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

34.    Based upon the willful, knowing, and intentional conduct of LCA as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against LCA: (1) finding LCA violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is

greater; (3) finding LCA willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE FDCPA BY DEFENDANT RMCB

35.   This is an action against RMCB for violation of 15 U.S.C. § 1692 *et seq*.

36.   Plaintiff re-alleges and incorporates paragraphs 1 through 25, as if fully set forth herein.

37.   Through the conduct described above, RMCB violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

38.     As a result of RMCB's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

39.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that RMCB has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATIONS OF THE TCPA BY DEFENDANT RMCB

40.     This is an action against RMCB for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

41.     Plaintiff re-alleges and reincorporates paragraphs 1 through 25, as if fully set forth herein.

42.     RMCB, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

43.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

        (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

44.     RMCB violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

45.     RMCB willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told RMCB that RMCB did not have permission to call Plaintiff's cell phone.

46.     All conditions precedent to this action have occurred, have been

15

satisfied, or have been waived.

47.    As a result of the above violation of the TCPA, RMCB is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

48.    Based upon the willful, knowing, and intentional conduct of RMCB as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against RMCB: (1) finding RMCB violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding RMCB willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

## VIOLATION OF THE FDCPA BY DEFENDANT CCS

49.   This is an action against CCS for violation of 15 U.S.C. § 1692 *et seq.*

50.   Plaintiff re-alleges and incorporates paragraphs 1 through 25, as if fully set forth herein.

51.   Through the conduct described above, CCS violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### 15 U.S.C. § 1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

52.   As a result of CCS's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to

under the law.

53.   All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that CCS has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT V

## VIOLATIONS OF THE TCPA BY DEFENDANT CCS

54.   This is an action against CCS for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

55.   Plaintiff re-alleges and reincorporates paragraphs 1 through 25, as if fully set forth herein.

56.   CCS, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

57.   Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency

18

purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

58. CCS violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

59. CCS willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told CCS that CCS did not have permission to call Plaintiff's cell phone.

60. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

61. As a result of the above violation of the TCPA, CCS is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

62. Based upon the willful, knowing, and intentional conduct of CCS as described above, Plaintiff is also entitled to an increase in the amount of the award

to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against CCS: (1) finding CCS violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding CCS willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: November 23, 2016

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:    (813) 336-0832

/s/ Sumeet Shah
**SUMEET SHAH, ESQ.**
Georgia Bar No. 122408
e-mail: sshah@centroneshrader.com
Attorney for Plaintiff

21